SIXTH DIVISION

January 16, 2004

No. 1-03-1091 

NATIONAL FIRE AND INDEMNITY       ) Appeal from the

EXCHANGE,             ) Circuit Court of

     Plaintiff-Appellee, ) Cook County 

)

)   No. 02 CH 09819

)

ALI & SONS, COMPANY, SAMIR ALI,     )   Honorable 

NORTHWAY CLEANERS,     )   Sophia H. Hall, 

   )   Judge Presiding.

Defendants-Appellants.    )

JUSTICE SMITH delivered the opinion of the court:

Defendants Ali & Sons, Company, Samir Ali, and Northway Cleaners were sued for negligence and trespass relating to the alleged discharge of pollutants, among other things, by the owner of property they leased.  Plaintiff National Fire and Indemnity Exchange, defendants' insurer for a portion of the lease period, brought an action for declaratory relief, seeking a judgment that it did not owe a duty to defend or indemnify defendants in the underlying lawsuit.  The trial court granted summary judgment in plaintiff's favor.  Defendants appeal, contending that a genuine question of material fact precludes the grant of summary judgment and, alternatively, that plaintiff had a duty to defend and indemnify them as a matter of law.  We affirm.

In November 2001, the property owner, Gilbert Raphael (Raphael or lessor), filed an amended, seven-count complaint against defendants Ali & Sons, Company and Samir Ali (collectively, lessee).  According to the complaint, lessee operated a dry cleaning business from July 1, 1991, to June 30, 2001, on the premises located at 7501 West Irving Park Road, Chicago (7501 premises).  Under the lease, lessee also had exclusive use of the boiler room area of 7515 West Irving Park Road (7515 premises).  The complaint alleged that lessee "utilized certain dry cleaning materials, chemicals and solvents, as well as certain underground storage tanks" and was negligent for, among other things, allowing dry cleaning materials, chemicals and solvents to discharge into and contaminate the ground "around and under the premises located at 7501 West Irving Park Road" in violation of the Illinois Environmental Protection Act (415 ILCS 5/1 
et seq.
 (West 2000)).  The complaint further alleged that: such discharge and contamination "around and under" the 7501 premises violated lease provisions against misuse; defendants' failure to yield the premises in good condition created a hold-over tenancy at sufferance; and the contamination resulted in a trespass upon lessor's property and constituted a private nuisance.

In May 2002, plaintiff filed its complaint for declaratory relief, alleging that it issued insurance policies to defendants for two separate three-year periods ending in 1992.  Copies of the policies were attached to the complaint; the policy relevant to this appeal covered defendants for the second three-year period, from January 1, 1990, to January 1, 1993.  Plaintiff sought a declaration that it did not owe a duty to defend or indemnify defendants for property damage arising from the alleged discharge and contamination by pollutants, based on an absolute pollution exclusion contained in the policy.  Plaintiff denied the underlying complaint alleged a personal injury offense within the policy's meaning of the term, but alleged that, even if it did, such offense would have been committed outside the policy period.  On that basis, plaintiff also sought a declaration that it did not owe a duty to defend or indemnify defendants under the personal injury coverage portion of the policy.

Plaintiff subsequently filed a motion for summary judgment based on the pollution exclusion and the absence of any personal injury alleged in the Raphael complaint that occurred during the policy period.  In the motion, plaintiff anticipated that defendants would try to "circumvent" the pollution exclusion by arguing they were covered under the policy's personal injury coverage.  Personal injury was defined in the policy as "injury other than 'bodily injury,' arising out of" certain offenses which included "[w]rongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies."

Plaintiff maintained that defendants would argue that the "trespass" alleged in the Raphael complaint fell within the policy meaning of "wrongful entry," but it denied the alleged trespass was a "wrongful entry" covered by the policy.  Plaintiff further contended that, even if trespass fell within the personal injury offense of "wrongful entry," there still would be no coverage for defendants because trespass is an invasion of the exclusive possession of land which could not have occurred during the policy period.  Plaintiff based that contention on the fact that defendants had exclusive possession of the 7501 premises until 2001, which was about eight years after the policy period.

In a response, defendants conceded that the pollution exclusion in the policy barred claims for property damage and bodily injury.  However, defendants asserted that the language of the lease was ambiguous and the Raphael complaint, which alleged contamination "around and under" the 7501 premises, could include the 7515 premises.  Defendants further asserted that "the contamination migrated beyond" the 7501 premises based on statements of Ali that were contained in an attached affidavit.  Additionally, defendants conceded they legally occupied the 7501 premises until the end of June 2001, but maintained their possession was not "exclusive" based on certain provisions in the lease.  Based on their purported limited rights to possession of the 7501 premises, defendants further asserted, essentially, that trespass could have occurred during the leasehold and, thus, the allegations contained in the Raphael complaint fell within, "or potentially within," the policy's personal injury coverage.

The trial court granted plaintiff's motion for summary judgment "based on a reasonable interpretation of 'around' as immediately adjacent," and ordered that plaintiff did not owe a duty to defend or indemnify defendants in the underlying lawsuit.

On appeal, defendants first argue that the grant of summary judgment was improper because a question of facts exists as to whether the allegation of contamination "accumulated in the ground around and under" the 7501 premises includes the 7515 premises.  Defendants rely upon a dictionary definition of the word "around" for their assertion that the Raphael complaint could have intended to allege damages to the 7515 premises as well as the 7501 premises.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c) (West 2000); 
Crum & Forster Managers Corp. v. Resolution Trust Corp.
, 156 Ill. 2d 384, 390-91, 620 N.E.2d 1073 (1993).  The standard of review on an appeal from a grant of summary judgment is 
de novo
.  
Crum & Forster Managers Corp.
, 156 Ill. 2d at 390.

Here, defendants' assertion about what the Raphael complaint might have intended to allege amounts to nothing more than mere conjecture.  Defendants' reliance on their lease of the boiler room area of the 7515 premises does not create an issue of contested fact.  The Raphael complaint in fact cites provisions of the lease covering the boiler room at the 7515 premises, but alleges damages specifically--and only--at the 7501 premises.  

Dictionary definitions notwithstanding, if Raphael had intended to allege contamination of other premises, he could have done so.  In the complaint at issue here, however, he did not.  We find no basis in the record for defendants' assertion that the complaint could include allegations of contamination at the 7515 premises.  Therefore, we find the trial court properly granted summary judgment for plaintiff based on a reasonable interpretation of "around" as "immediately adjacent."

Although defendants concede that, if the Raphael complaint "alleged an injury only to 7501 West Irving Park Road *** the alleged injury fell outside the policy period," they argue, alternatively, that the allegations fell at least potentially within the policy's personal injury coverage.  Defendants argue in essence that trespass is a "wrongful entry," and because "wrongful entry" is one of the personal injury offenses covered by the policy, plaintiff is required to defend and indemnify them.

When the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage provisions, the insurer has a duty to defend its insured.  
Crum & Forster Managers Corp.
, 156 Ill. 2d at 393; 
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 108, 607 N.E.2d 1204 (1992).

Here, however, defendants' alternative argument is based primarily upon 
Millers Mutual Insurance Ass'n of Illinois v. Graham Oil Co.
, 282 Ill. App. 3d 129, 668 N.E.2d 223 (1996).  In 
Millers Mutual
, the court found that allegations of gasoline contamination could fall within the use of the term "wrongful entry" in the policy provisions of the insured's personal injury coverage.  See 
Millers Mutual Insurance Ass'n of Illinois
, 282 Ill. App. 3d at 140.  However, the facts in 
Millers Mutual
 involved allegations of contamination that migrated onto other properties and, thus, are fundamentally distinguishable from the facts in the case before us.

There, 
an oil company was sued by neighboring property owners for damages resulting from spillage of gasoline, held in underground tanks on the oil company's property, that allegedly contaminated the neighboring property.  The insurance company sought a determination that it was not required to defend or indemnify the oil company defendant.  Under the facts of the case, the court concluded that the "unauthorized seepage and migration of gasoline onto the property of an adjoining neighbor, [was] sufficient to bring the underlying complaint within the personal injury coverage" of the insurance policies.  
Millers Mutual Insurance Ass'n of Illinois
,
 282 Ill. App. 3d at 140.

Although defendants assert that the facts in the case here are "almost identical" to those in 
Millers Mutual
, their position is based upon the additional assertion that lessee committed a trespass on the 7515 premises.  Even if the assertion of such trespass were true, it would be irrelevant since the underlying complaint alleges damages from contamination only at the 7501 premises.  Defendants' apparent willingness to admit to more contamination than was alleged does not change the fact that the Raphael complaint did not allege any migration of pollutants onto other premises.  Rather, the contamination was alleged only for the 7501 premises, which defendants lawfully possessed during the leasehold.  Therefore, we find 
Millers Mutual
 inapposite to the situation here.

Moreover, defendants fail to cite any legal authority that would support the proposition that, as lessee, they could trespass upon the premises they leased.  
Cf.
  
Norfolk Southern Ry., Co. v. Gee Co.
, No. 98 C 1619 (N.D. Ill. 2001) (allegations of contamination of leased property did not support claim for trespass by former lessee because "no 'invasion' occurred" where lessee was legally in possession of property).  Rather, it is well-established that "trespass is an invasion in the exclusive possession and physical condition of the land."  
Millers Mutual Insurance Ass'n of Illinois
,
 282 Ill. App. 3d at 139.

Even if the alleged trespass were construed as a "wrongful entry" in the policy meaning of the term, plaintiff would not be obligated to defend or indemnify defendants.  The trespass could occur only after defendants' legal right to possess the 7501 premises ended, 
i.e.
, after June 2001.  Thus, any potential trespass, or wrongful entry, would have occurred approximately eight years after the policy period.  Therefore, the trespass alleged in the Raphael complaint would not fall even potentially within the policy's coverage provisions and plaintiff would have no duty to defend or indemnify defendants.  See 
Crum & Forster Managers Corp.
, 156 Ill. 2d at 393.

Finally, defendants rely upon 
U.S. Fidelity & Guaranty Co. v. Wilkin Insulation Co.
, 193 Ill. App. 3d 1087, 550 N.E.2d 1032 (1989), for the proposition that the insurer must take true but unpleaded facts together with the allegations of the complaint.  Defendants assert that they provided plaintiff with an environmental report showing migration of the contamination from the 7501 premises to the 7515 premises.  Again, this assertion misses the point because any such migration, even if true, would be irrelevant here.  Where no trespass was alleged at the 7515 premises, plaintiff would have no duty to defend or indemnify defendants even if contaminants had migrated to that location.  See 
Crum & Forster Managers Corp.
, 156 Ill. 2d at 393.

For the reasons stated above, the trial court properly granted plaintiff's motion for summary judgment and ordered that plaintiff did not owe a duty to defend or indemnify defendants.

Affirmed.

O'MARA FROSSARD, P.J., and GALLAGHER, J., concur.